

2012 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-2-2012

# In Re: Freddy Rivera-Marrero

Precedential or Non-Precedential: Non-Precedential

Docket No. 11-4516

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2012

Recommended Citation

"In Re: Freddy Rivera-Marrero " (2012). *2012 Decisions.* Paper 1470.
http://digitalcommons.law.villanova.edu/thirdcircuit_2012/1470

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2012 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-095                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4516
_____

In re:  FREDDY RIVERA-MARRERO,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 10-CV-02489)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 26, 2012
Before:  SLOVITER, FISHER AND NYGAARD, Circuit Judges

(Opinion filed: February 2, 2012)
_____

OPINION
_____

PER CURIAM

        Freddy Rivera-Marrero seeks a writ of mandamus, pursuant to 28 U.S.C. § 1651,

directing the United States District Court for the Middle District of Pennsylvania to rule

on his habeas corpus petition.

        An appellate court may issue a writ of mandamus on the ground that undue delay

is tantamount to a failure to exercise jurisdiction.  Madden v. Myers, 102 F.3d 74, 79 (3d

Cir. 1996).  However, subsequent to the filing of this mandamus petition, the Magistrate

Judge assigned to the case issued a Report and Recommendation recommending that the

habeas petition be denied.  We are confident that the District Court will act on the recommendation without undue delay after the time for objections has expired.  Thus, there is no need for this Court to compel the District Court to exercise its authority. Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943).

For the foregoing reasons, the petition for a writ of mandamus will be denied.